**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

JAMES KELLY TUBBS,⁣ )
TAMMY LYNN TUBBS,⁣ )
⁣ )
⁣⁣⁣⁣⁣⁣⁣⁣ Plaintiffs,⁣ )
⁣ )
vs.⁣ )⁣⁣⁣ Case No. CIV-07-1286-M
⁣ )
JEREMY HARRISON,⁣ )
LT. TIMOTHY MUNZY,⁣ )
THE CITY OF OKLAHOMA CITY,⁣ )
a political subdivision of the State of⁣ )
Oklahoma,⁣ )
⁣ )
⁣⁣⁣⁣⁣⁣⁣⁣ Defendants.⁣ )

## <u>ORDER</u>

This case is scheduled for trial on the Court's August 2009 trial docket.

Before the Court is defendants Jeremy Harrison ("Harrison") and Timothy Muzny's

("Muzny") Motion for Summary Judgment, filed June 10, 2009. On June 29, 2009, plaintiffs filed

their response, and on July 10, 2009, Harrison and Muzny filed their reply. Based upon the parties'

submissions, the Court makes its determination.

<u>I.</u>⁣⁣⁣ <u>Introduction</u>

On March 9, 2005, the Oklahoma City Police Department received an anonymous tip of drug

activity at plaintiffs' residence, and on April 18, 2005, the Oklahoma City Police Department

received an anonymous tip that plaintiff James Kelly Tubbs ("Mr. Tubbs") was dealing drugs. On

December 15, 2005, Harrison and Muzny, who are police officers with the Oklahoma City Police

Department, Hefner Impact Unit, went to plaintiffs' house to do a knock and talk, to learn more

about the possibility of drug activity. Two other police officers were present but did not go to the

front door.

Harrison knocked on the door, and Mr. Tubbs answered. Harrison asked to come inside to talk to Mr. Tubbs. Mr. Tubbs refused and indicated that he wanted to get his wife for witness purposes. According to Harrison and Muzny, at some point while they were talking to Mr. Tubbs, they smelled marijuana; plaintiffs, however, dispute that Harrison and Muzny could smell marijuana. After allegedly smelling marijuana, Harrison and Muzny entered plaintiffs' house based upon what they believed were exigent circumstances. Harrison and Muzny handcuffed Mr. Tubbs, and according to plaintiffs forced Mr. Tubbs to the ground. Plaintiff Tammy Lynn Tubbs ("Mrs. Tubbs") entered the living room and was ordered to "shut up" and sit down.

At about this time, the two remaining officers entered the house. The officers performed what they state was a protective sweep. It is disputed exactly what was found during this sweep, but at least some marijuana was found. After the "protective sweep," Harrison and/or Muzny asked Mr. Tubbs to consent to a search of the residence. According to plaintiffs, Mr. Tubbs initially declined to consent but eventually did consent only after the officers agreed not to charge Mrs. Tubbs. The officers conducted a further search of the residence and eventually arrested both Mr. and Mrs. Tubbs.

The charges against plaintiffs were ultimately dismissed after the state court granted plaintiffs' motion to suppress. Plaintiffs then brought the instant action against Harrison, Muzny, and the City of Oklahoma City, claiming that the entry into their house violated their constitutional rights and led to an unlawful search of their home and unlawful seizures and arrests of their person, and that the policies and training of the City of Oklahoma City caused some of the constitutional violations taken by the officers. Harrison and Muzny now move this Court for summary judgment on all claims asserted against them.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

A.      Entry into residence

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable."  *United States v. Carter*, 360 F.3d 1235, 1241 (10th Cir. 2004) (internal quotations and citations omitted).  "Absent consent or exigent circumstances, police may not enter a citizen's residence without a warrant."  *Id.* (internal quotations and citations omitted).  It is undisputed, in the case at bar, that Harrison and Muzny did not have a

warrant. Harrison and Muzny, however, contend their entry into plaintiffs' house was supported by probable cause and exigent circumstances – imminent destruction of evidence.

The Tenth Circuit has established four requirements for a permissible warrantless entry when the police fear the imminent destruction of evidence:

> Such an entry must be (1) pursuant to clear evidence of probable cause, (2) available only for serious crimes and in circumstances where the destruction of evidence is likely, (3) limited in scope to the minimum intrusion necessary, and (4) supported by clearly defined indicators of exigency that are not subject to police manipulation or abuse.

*Carter*, 360 F.3d at 1241 (internal quotations and citations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds there is a genuine issue of material fact as to whether Harrison and Muzny had probable cause to believe a crime was being committed. It is undisputed that the anonymous tips the police had received were not enough standing alone to establish probable cause. Harrison and Muzny, however, assert that their smelling marijuana when they were at the front door gave them probable cause. However, whether there was an odor of marijuana at plaintiffs' residence is disputed. Accordingly, the Court finds that Harrison and Muzny are not entitled to summary judgment on plaintiffs' claim that Harrison and Muzny violated plaintiffs' constitutional rights when Harrison and Muzny entered plaintiffs' house.[1]

---

[1] The Court would further note that there is a significant likelihood that Harrison and Muzny will not be able to establish that a serious crime was being committed. Simple possession of marijuana does not reach the level of a serious crime. *See Carter*, 360 F.3d at 1242.

B.    Search of residence

Harrison and Muzny contend that the search of plaintiffs' residence was constitutional because Mr. Tubbs voluntarily consented to the search. In determining whether consent was given voluntarily, a court should consider whether the consenting party was subjected to physical mistreatment, use of violence, threats, threats of violence, promises or inducements, or deception or trickery. *United States v. Pena-Sarabia*, 297 F.3d 983, 987 (10th Cir. 2002). The fact that an individual is being detained at the time consent is given is part of the totality of the circumstances to be considered, but detention alone is not enough to demonstrate a consent to search was coerced. *United States v. Doyle*, 129 F.3d 1372, 1377 (10th Cir. 1997).

Having carefully reviewed the parties' submissions, the Court finds that there is a genuine issue of material fact as to whether Mr. Tubbs' consent was voluntary. Plaintiffs have both testified that Mr. Tubbs initially did not consent to the search and only consented after Harrison had promised him that they would not charge or arrest Mrs. Tubbs. Harrison has denied making any such promise. Further, the circumstances surrounding the officers' entry into plaintiffs' residence, the handcuffing of Mr. Tubbs, the "protective sweep," and Mr. Tubbs' signing the search waiver are disputed by the parties. Accordingly, the Court finds that Harrison and Muzny are not entitled to summary judgment on plaintiffs' claim that their constitutional rights were violated as a result of the search of their residence.

C.    Excessive force

"Claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment." *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001). Further, "[t]he Fourth Amendment standard requires inquiry into the factual circumstances of every case; relevant factors

include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest." *Id.*

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs, the Court finds that plaintiffs have submitted sufficient evidence to create a genuine issue of material fact as to whether Harrison and Muzny used excessive force when they entered plaintiffs' residence and handcuffed Mr. Tubbs. Specifically, the Court finds that the circumstances surrounding Harrison and Muzny's entry into plaintiffs' residence and the handcuffing of Mr. Tubbs is highly disputed by the parties. Accordingly, the Court finds that Harrison and Muzny are not entitled to summary judgment as to plaintiffs' excessive force claim.

D.   Qualified immunity

Finally, Harrison and Muzny contend that they are entitled to qualified immunity because their actions were not prohibited by clearly established law. When a claim of qualified immunity is raised on summary judgment, the plaintiff must initially make a twofold showing: (1) the public official's alleged conduct violated the law, and (2) the law was clearly established when the alleged violation occurred. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Oliver v. Woods*, 209 F.3d 1179, 1185 (10th Cir. 2000) (internal quotations and citations omitted).

Viewing the evidence in the light most favorable to plaintiffs, the Court finds that plaintiffs have submitted sufficient evidence showing that Harrison and Muzny's alleged conduct violated the law. Additionally, the Court finds that the law regarding exigent circumstances, protective sweeps,

and consent was clearly established when the alleged violations occurred.  Accordingly, the Court finds that Harrison and Muzny are not entitled to qualified immunity.

IV.     Conclusion

For the reasons set forth above, the Court DENIES Harrison and Muzny's Motion for Summary Judgment [docket no. 52].

**IT IS SO ORDERED this 23rd day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE