# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES KELLY TUBBS,<br>TAMMY LYNN TUBBS,<br><br>    Plaintiffs,<br><br>vs.<br><br>JEREMY HARRISON,<br>LT. TIMOTHY MUZNY,<br>THE CITY OF OKLAHOMA CITY,<br>a political subdivision of the State of<br>Oklahoma,<br><br>    Defendants. | Case No. CIV-07-1286-M |

## ORDER

Before the Court is plaintiffs' Daubert Motion to Exclude Testimony of Defendants Officers' Expert Witness, filed July 1, 2009. On July 17, 2009, defendants Jeremy Harrison and Timothy Muzny ("Defendant Officers") filed their response, and on July 28, 2009, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Federal Rule of Evidence 702 governs the admissibility of scientific, technical, or other specialized knowledge expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Plaintiffs have moved to exclude the testimony of Joe Callanan, Defendant Officers' expert in police procedures. While plaintiffs do not challenge Mr. Callanan's qualifications, plaintiffs

contend that his testimony is irrelevant, unreliable, and unhelpful to a jury's determination of the issues in this case. Plaintiffs contend that Mr. Callanan's testimony would not assist the jury in understanding the evidence or in determining a fact in issue. Plaintiffs assert that since the law is clearly established in this case, Mr. Callanan's testimony would do nothing but repeat the jury instructions in this case, only with a slant of the facts in Defendant Officers' favor.

In response, Defendant Officers contend that the jury would benefit from Mr. Callanan's expert testimony regarding how an objectively reasonable police officer would interpret certain factors in answering the primary question of whether it was objectively reasonable for Defendant Officers to enter plaintiffs' residence and place Mr. Tubbs on the ground. Defendant Officers further contend that Mr. Callanan's testimony could assist the jury, if it believes Defendant Officers did smell marijuana, in determining whether Defendant Officers responded to that smell in an objectively reasonable manner. Additionally, Defendant Officers contend that Mr. Callanan's testimony could assist the jury in understanding what factors Defendant Officers relied on to determine exigent circumstances existed in the instant case and whether their actions were consistent with those of an objectively reasonable officer facing similar circumstances.

Having carefully reviewed the parties' submissions, including Mr. Callanan's expert report, the Court finds that the testimony of Mr. Callanan should not be excluded. Specifically, the Court finds that said testimony is relevant, reliable, and helpful to a jury's determination of the issues in this case. The Court finds Mr. Callanan's testimony could assist the jury in reaching its determination regarding plaintiffs' illegal entry and excessive force claims. In particular, the Court finds that Mr. Callanan's testimony could assist the jury in determining whether Defendant Officers' actions were objectively reasonable.

Accordingly, the Court DENIES plaintiffs' Daubert Motion to Exclude Testimony of Defendants Officers' Expert Witness [docket no. 68].

**IT IS SO ORDERED this 10th day of December, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE