## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JAMES KELLY TUBBS,         )
TAMMY LYNN TUBBS,      )
                                )
            Plaintiffs,      )
                                )
vs.                            )     Case No. CIV-07-1286-M
                                )
JEREMY HARRISON,        )
LT. TIMOTHY MUZNY,      )
THE CITY OF OKLAHOMA CITY,  )
a political subdivision of the State of  )
Oklahoma,               )
                                )
            Defendants.    )

## ORDER

Before the Court is plaintiffs' Motion and Brief in Support to Assess Attorneys' Fees, filed February 1, 2011. On February 15, 2011, defendants Jeremy Harrison and Lt. Timothy Muzny filed their objection. Plaintiffs have filed no reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to 42 U.S.C. § 1988(b) and Local Civil Rule 54.2, plaintiffs move this Court to exercise its discretion and award reasonable attorneys' fees to plaintiffs as part of their costs. Plaintiffs further assert that the attorney fee award should be enhanced to double the hours spent times the reasonable rate amount. In their response, defendants do not dispute that some award of attorneys' fees is appropriate in this case. Defendants also do not challenge the hourly rates claimed by plaintiffs' counsel. They do, however, dispute the number of hours reasonably expended and contend that no enhancement of the lodestar amount is justified in this case.

Title 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of sections . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, other than the

United States, a reasonable attorney's fee as part of the costs . . . ." The United States Supreme Court has recently held that the lodestar method[1] is the preferred method to use when determining an award of attorneys' fees. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

I.    Number of Hours Reasonably Expended

Plaintiffs state that 336.02 hours have reasonably been expended in this case, and that after multiplying that number by the hourly rates charged by the attorneys who have worked on this case, the resulting lodestar amount is $79,837.00. Defendants assert that this lodestar amount does not accurately reflect the amount of hours reasonably expended for two reasons: (1) while the lodestar requested is $79,837.00, the "Report Total" on the time record/invoice submitted as Exhibit 4 to plaintiffs' motion is $77,452.42; and (2) several of the time entries on the invoice submitted by plaintiffs do not relate to the issues on which they prevailed in this case.

Having carefully reviewed Exhibit 4 to plaintiffs' motion, the Court finds there is no discrepancy between the lodestar requested by plaintiffs and the amount set forth on Exhibit 4. Exhibit 4 consists of eight pages. There is an amount total on page 2 of $2,129.00, and there is an amount total on page 8 of $77,708.00. If you add these two figures together, the total amount is $79,837.00.

Defendants object to any award for attorneys' fees related to unsealing records which were sealed during the expungement of the records relating to the criminal charges filed against plaintiffs. Defendants assert that the costs associated with paying counsel to defend plaintiffs' criminal cases and expunge their criminal records were included in the damages sought and recovered by plaintiffs

---

[1]Under the lodestar method, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate.

at trial.  Defendants contend that permitting additional recovery of attorney fees, because previously expunged records were needed to prepare the subsequent civil rights case, allows plaintiffs to benefit financially from the legal errors of prior counsel and, therefore, these fees should be excluded from the lodestar amount.  Because the previously expunged records were needed to prepare the instant action, and because this Court finds no legal errors of prior counsel, the Court finds that the time plaintiffs' attorneys spent related to unsealing those records was reasonable and any attorneys' fees related to unsealing those records should not be excluded from the lodestar amount.

Defendants also object to any award for attorneys' fees related to the defense of plaintiffs in a small claims matter filed against them.  Defendants assert that they were not parties to this small claims action and bear no financial responsibility for the costs associated with that action.  Because defendants were not parties to plaintiffs' small claims matter and because that matter has no relation to the instant action, the Court finds that any attorneys' fees related to the defense of plaintiffs in a small claims matter[2] should be excluded from the lodestar amount.

Defendants further object to any award for attorneys' fees related to plaintiffs' counsel's unsuccessful attempts to find an expert witness to testify on their behalf.  Defendants contend that because expert testimony played no role in the recovery received by plaintiffs, time unnecessarily expended in seeking an expert should be excluded from the lodestar amount.  Because plaintiffs presented no expert testimony at trial and, thus, expert testimony played no role in plaintiffs' recovery in this case, the Court finds that any attorneys' fees related to plaintiffs' counsel's unsuccessful attempts to find an expert witness[3] should be excluded from the lodestar amount.

---

[2]These fees total $286.00.

[3]These fees total $1,106.00.

Defendants object to any award for attorneys' fees related to plaintiffs' unsuccessful motion to amend. Defendants contend that because the motion to amend did not assist in plaintiffs' recovery and was not legally or factually supported, the time expended to prepare the motion should be excluded from the lodestar amount. The Court finds that while plaintiffs' motion to amend was unsuccessful, the motion was not clearly frivolous and the time plaintiffs' attorneys spent in preparing that motion was reasonable. Accordingly, the Court finds that any attorneys' fees related to plaintiffs' unsuccessful motion to amend should not be excluded from the lodestar amount.

Defendants also object to any award for attorneys' fees related to time spent on work related to the claims against defendant City of Oklahoma City. Defendants contend that the time expended to prosecute the municipal liability claim was not reasonably related to the judgment plaintiffs received against defendants Harrison and Muzny and, therefore, should be excluded from the lodestar amount. Because plaintiffs did not prevail on their claim against defendant City of Oklahoma City, the Court finds that any attorneys' fees related to time spent on work related to the claims against defendant City of Oklahoma City[4] should be excluded from the lodestar amount.

Finally, defendants object to any award for attorneys' fees related to responding to defendants' respective motions for summary judgment because plaintiffs did not break down what portion of the time related to the unsuccessful defense of the motion for summary judgment filed by defendant City of Oklahoma City. Because it is clear that plaintiffs are entitled to an award for attorneys' fees related to responding to defendants Harrison and Muzny's motion for summary judgment, the Court finds that defendants are entitled to some portion of the requested fees. The Court further finds that it is reasonable to assume the time spent responding to summary judgment

---

[4]These fees total $679.00.

4

was split roughly evenly between the unsuccessful defense of the City's motion and the successful defense of the officers' motion. Accordingly, the Court finds that only $1,636.00 for attorneys' fees related to responding to defendants Harrison and Muzny's motion for summary should be included in the lodestar amount.

II.     Enhancement

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 130 S. Ct. at 1673. The fee applicant bears the burden of proving that an enhancement is necessary, and he must produce "specific evidence" that supports the award. *Id.* Further, the Supreme Court has held:

> the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably [are] fully reflected in the number of billable hours recorded by counsel. We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.

*Id.* (internal quotations and citations omitted).

Plaintiffs contend they are entitled to an enhancement in this case based upon the difficulty of the instant action, the undesirability of the instant action, and the substantial risk that they would not prevail. Plaintiffs further contend they are entitled to an enhancement based upon the protracted delay caused by defendants when they appealed the Court's ruling denying them qualified immunity.

Having carefully reviewed plaintiffs' motion, the Court finds that plaintiffs have not satisfied their burden of proving that an enhancement is necessary. The Court finds that the instant case does

not present the rare and exceptional circumstances which would warrant an enhancement. Specifically, the Court finds that the circumstances upon which plaintiffs believe an enhancement is warranted in this case are present in nearly every § 1983 case, particularly in every § 1983 case against law enforcement officers – those cases are difficult and undesirable, and there is a substantial risk that the plaintiffs will not prevail. Additionally, the Court finds that the delay that occurred in this case because of defendants' appeal is neither rare nor exceptional. In fact, in their motion, plaintiffs state that defendants in Fourth Amendment civil rights cases routinely engage in an interlocutory appeal of a trial court's denial of the defense of qualified immunity. Accordingly, the Court finds that plaintiffs are not entitled to an enhancement in this case.

III.     Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiffs' Motion to Assess Attorneys' Fees [docket no. 153] and AWARDS plaintiffs attorneys' fees in the amount of $76,130.00.

**IT IS SO ORDERED this 3rd day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE